United States District Court<br>Northern District of California

1

2

3

4   UNITED STATES DISTRICT COURT

5   NORTHERN DISTRICT OF CALIFORNIA

6

7   JOHN KRESICH,                          Case No. 15-cv-05801-MEJ

8               Plaintiff,                 **ORDER GRANTING PLAINTIFF'S
                                           MOTION FOR SANCTIONS**
9        v.
                                           Re: Dkt. No. 29
10  METROPOLITAN LIFE INSURANCE
    COMPANY,
11
                Defendant.
12

13                           **INTRODUCTION**

14       Pending before the Court is Plaintiff John Kresich's ("Plaintiff") Motion for Sanctions

15  pursuant to Federal Rule of Civil Procedure 30(g). Dkt. No. 29. Defendant Metropolitan Life

16  Insurance Company ("Defendant") filed an Opposition (Dkt. No. 31); Plaintiff did not file a reply.

17  Having considered the parties' positions, the record in this case, and the relevant legal authority,

18  the Court **GRANTS** Plaintiff's Motion for the following reasons.

19                           **BACKGROUND**

20       On December 9, 2016, Defendant's counsel James Castle mailed a Notice of Deposition of

21  Abraham Boskovitz, M.D. to Plaintiff's counsel, Eric Whitehead. Mot. at 2; *see id.*, Ex. 1 (Notice

22  of Deposition). The deposition was scheduled for January 5, 2017 at 8:30 a.m. in defense

23  counsel's office in Sacramento. *Id.* The day before, Whitehead attempted to contact Defendant's

24  three attorneys by phone and email; they did not respond. Mot. at 2.

25       On January 5, 2017, Whitehead drove from San Francisco to Sacramento to attend the

26  deposition. *Id.* Neither defense counsel nor the court reporter was present. *Id.* Whitehead again

27  tried to contact Defendant's attorneys. *Id.* at 2-3. At 9:00 a.m., defense counsel Royal Oakes

28  notified Whitehead that the deposition had been cancelled. *Id.* at 3. Whitehead returned to San

1   Francisco, completing a trip that consisted of 196 total miles and lasted 6.5 hours.  *Id.* at 3.  Oakes

2   later confirmed they failed to notify Whitehead of the cancellation.  *Id.*, Ex. 2 (email from Oakes

3   to Whitehead).

4          Plaintiff now seeks a total of $4,004.86 in sanctions: $3,900 for 6.5 hours of work at a

5   billable rate of $600 per hour plus $104.86 for travel expenses.  *Id.* at 4.

6                                          **LEGAL STANDARD**

7          Under Federal Rule of Civil Procedure 30, "[a] party who, expecting a deposition to be

8   taken, attends in person or by an attorney may recover reasonable expenses for attending,

9   including attorney's fees, if the noticing party failed to . . . attend and proceed with the

10  deposition."  Fed. R. Civ. P. 30(g).  Discovery sanctions are appropriate when a party improperly

11  and unilaterally cancels a noticed deposition.  *Plyley v. Grangaard*, 2014 WL 1599930, at \*4

12  (N.D. Cal. Apr. 21, 2014); *see also Luna Gaming-San Diego LLC v. Dorsey & Whitney, LLP*,

13  2009 WL 196325 (S.D. Cal. Jan. 27, 2009) (holding that it was the responsibility of counsel who

14  noticed the depositions "to either appear and conduct the depositions or to notify all the interested

15  parties of its intent not to conduct the depositions," and failure to do so would result in

16  compensation for opposition's travel time and expenses (*quoting Macrovision Corp. v. VSA Ltd.*,

17  1989 WL 69961 (D. Or. June 8, 1989))).

18         The Ninth Circuit has established that the appropriate method for calculating a reasonable

19  fee award is the lodestar method of calculation, which multiplies the number of hours the

20  prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Morales v.*

21  *City of San Rafael*, 96 F.3d 359, 363-364 (9th Cir. 1996).  "In determining a reasonable hourly

22  rate, the district court should be guided by the rate prevailing in the community for similar work

23  performed by attorneys of comparable skill, experience, and reputation."  *Ingram v. Oroudjian*,

24  647 F.3d 925, 928 (9th Cir. 2011).  "The burden is on the fee applicant to produce satisfactory

25  evidence of the relevant market rate" in addition to his own affidavits.  *Van Skike v. Director,*

26  *Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009); *Blum v. Stenson*, 465

27  U.S. 886, 896 n.11 (1984).

28  //

United States District Court<br>Northern District of California

**DISCUSSION**

Defendant concedes it "erred" when it "failed to advise Plaintiff's counsel that the deposition was being rescheduled." Opp'n at 2. "Travel costs, travel time, and lodging are compensable in the form of sanctions where a party fails to appear at a deposition he has noticed." *Jones v. Lehigh Sw. Cement Co.*, 2014 WL 346619, at *6 (E.D. Cal. Jan. 30, 2014). However, the Court finds Plaintiff's $600 per hour rate—unsupported by affidavit or declaration—is unreasonable for an attorney who, according to The State Bar of California, was admitted to the bar in 2014. *See* Attorney Search for The State Bar of California, http://www.calbar.ca.gov/ (attorney search field for "Eric B. Whitehead"); *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1101 (N.D. Cal. Feb. 18, 2010) (rejecting counsel's request for $400 per hour for services where counsel had three years of experience).

Accordingly, the Court **ORDERS** Defendant to pay Plaintiff $2,500 for its failure to notify him of the January 5, 2017 deposition's cancellation. This represents a rate of just under $400 per hour. Defendant also shall pay $104.86 for the travel expenses Plaintiff's counsel incurred. Defendant shall pay Plaintiff no later than April 14, 2017.

**IT IS SO ORDERED.**

Dated: March 31, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3