UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KRESICH,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-05801-MEJ<br><br>**ORDER RE: MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 55 |

## INTRODUCTION

Plaintiff John Kresich seeks sanctions against Defendant Metropolitan Life Insurance Company based on MetLife's allegedly unreasonable and vexatious delay tactics throughout this litigation. Mot., Dkt. No. 55. MetLife filed an Opposition (Dkt. No. 58), and Plaintiff filed a Reply (Dkt. No. 59). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the parties' positions, the record in this case, and the relevant legal authority, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

This action arises out of MetLife's alleged failure to process Plaintiff's claim for long term disability benefits. On July 13, 2015, Plaintiff initiated this action in San Francisco Superior Court, asserting a single claim for intentional infliction of emotional distress ("*Kresich I*"). *See* Compl., Dkt. No. 1-1. MetLife removed the action to this Court on December 17, 2015. *See* Not. of Removal, Dkt. No. 1.

On January 19, 2017, Plaintiff filed a second action against MetLife, styled *Kresich v. Metropolitan Life Insurance Co.*, 17-cv-284 (N.D. Cal.) ("*Kresich II*"). *Kresich II* arises out of the

same set of facts as *Kresich I*. *See Kresich II* Compl., -284 Dkt. No. 1. In that case, Plaintiff asserts a single claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B). *Id.* The Court related *Kresich II* to *Kresich I*. -5801 Dkt. No. 32; -284 Dkt. No. 9.

On March 31, 2017, pursuant to Federal Rule of Civil Procedure 30(g), the Court sanctioned MetLife a total of $2,604.86 for counsel's failure to notify Plaintiff's counsel that a deposition had been rescheduled. Sanctions Order, Dkt. No. 37. This sum represented the reasonable attorneys' fees and travel expenses incurred by Plaintiff's counsel. *Id.* at 3.

On August 1, 2017, MetLife notified the Court the parties had resolved both cases through private mediation. -5801 Dkt. No. 44; -284 Dkt. No. 20. MetLife represented "[t]he parties anticipate that the settlement will be completed and a stipulation for the dismissal of the entire action with prejudice will be filed within 30 days." *Id.* (both).

When the parties did not dismiss either action, the Court ordered the parties to file a status report. Sept. 25 Status Order, -5801 Dkt. No. 45 & -284 Dkt. No. 21. The parties reported they were "jointly working to further resolve tangential issues with regard to the settlement that will resolve all of the outstanding issues between the parties." Oct. 2 Status Rep., -5801 Dkt. No. 46 & -284 Dkt. No. 22. The parties "believe[d] that they w[ould] file a joint stipulation for dismissal of the entire action within the next 14 days." *Id.* (both).

When the parties did not dismiss either action, the Court once more ordered the parties to file a status report. Dec. 5 Status Order, -5801 Dkt. No. 47 & -284 Dkt. No. 23. The parties "inform[ed] the Court that [they] ha[d] resolved the entirety of the matter" and were again "jointly working to further resolve tangential issues with regard to the settlement that will resolve all of the outstanding issues between the parties." Dec. 19 Status Rep., -5801 Dkt. No. 48. The parties represented "[t]here [were] complex issues involving the applicable offsets that MetLife should or not apply to benefits" which required additional information from Plaintiff's employer and which the parties did not anticipate at the time of the settlement. *Id.* They nevertheless still "believe[d] that they w[ould] file a joint stipulation for dismissal of the entire action within the next 14 days, as they have resolved the primary concerns." *Id.*

On January 18, 2018, the Court held a telephonic status conference to discuss the parties'

1 progress on resolving the issues with the settlement. *See* Jan. 9 Order, -5801 Dkt. No. 49 & -284

2 Dkt. No. 24. Based on the parties' representations at the hearing, the Court ordered them to file a

3 stipulation for dismissal by February 15, 2018. Jan. 18 Minutes, -5801 Dkt. No. 50 & -284 Dkt.

4 No. 25. The Court scheduled a further status conference for February 15, 2018 in the event the

5 parties had not dismissed the actions by that date. *Id.* (both).

6 On February 14, 2018, the parties informed the Court that they had "resolved all

7 outstanding disputes between them" and that "[t]he issues causing the significant delays in

8 finalizing the settlement and submitting the dismissal have been amicably resolved between the

9 parties." Not. of Resolution, -5801 Dkt. No. 51. The parties further represented Plaintiff was

10 "signing the final settlement agreement at present" and there would be "no impediment to a swift

11 dismissal once settlement funds are transferred." *Id.* The Court vacated the February 15, 2018

12 status conference at the parties' request. -5801 Dkt. No. 52 & -284 Dkt. No. 26.

13 Success was short lived. On March 23, 2018, Plaintiff requested a status conference before

14 the Court. Mar. 23 Request, -5801 Dkt. No. 53. Plaintiff represented he had sent an executed

15 settlement release to MetLife's counsel on February 26, 2018 but had yet to receive payment

16 under the terms of the release. *Id.* Plaintiff further stated "[d]efense counsel ha[d] repeatedly

17 ignored phone calls and emails from Plaintiff's counsel requesting details of when the settlement

18 check will arrive." *Id.*

19 The Court held a status conference on April 5, 2018. *See* Mar. 26 Order, -5801 Dkt. No.

20 54. MetLife's counsel represented he would be sending the settlement check to Plaintiff's counsel

21 by April 6, 2018. Minutes, -5801 Dkt. No. 56. The Court scheduled another status conference for

22 April 19, 2018 (*id.*), which the Court subsequently vacated at the parties' request (-5801 Dkt. No.

23 57). The Court ordered the parties to file a status report no later than April 27, 2018. *Id.*

24 Two days prior to the April 5 status conference, Plaintiff filed the instant Motion for

25 Sanctions.

26 **LEGAL STANDARD**

27 **A.     28 U.S.C. § 1927**

28 "Any attorney . . . who so multiplies the proceedings in any case unreasonably and

3

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "This statute requires proving that the opposing party acted with subjective bad faith." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015) (internal quotation marks omitted). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent[.]'" *Id.* (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)) (ellipses in *Kohler*). "'[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015), *cert. denied sub nom. Flynn v. Yellowstone Mountain Club, LLC*, 136 S. Ct. 1455 (2016) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

While "an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard[,]" this "does not require an oral or evidentiary hearing on the issue." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "The opportunity to brief the issue fully satisfies due process requirements." *Id.*

**B.      Court's Inherent Power**

"[T]t is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks and edits omitted). However, "inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45 (citation omitted).

"[A] district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001)).

"[A] 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id.* "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does

4

1    not require that the legal and factual basis for the action prove totally frivolous; where a litigant is
2    substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable
3    claim will not bar the assessment of attorney's fees." *Fink*, 239 F.3d at 992 (internal quotation
4    marks omitted).

**DISCUSSION**

Plaintiff seeks a total of $100,000 in sanctions: $48,000 in attorneys' fees plus a $52,000 punitive award. Mot. at 4-5. Plaintiff argues this will punish MetLife and its "counsel for their unreasonable multiplication of these proceedings and vexatious litigation tactics." *Id.* at 5.

**A.    28 U.S.C. § 1927**

The record does not support Plaintiff's request. Since August 2017, the Court has had to repeatedly involve itself in the proceedings, issuing numerous status orders and holding status conferences when the parties failed to dismiss the actions according to their representations and otherwise failed to apprise the Court of the reasons for the lack of dismissals.

But the parties' status reports show the parties were "jointly working" to resolve "complex" and unanticipated issues that were ultimately "amicably resolved." Oct. 2 Status Rep.; Dec. 19 Status Rep.; Not. of Resolution. Nothing in the record suggests MetLife vexatiously created these issues or took advantage of these issues to harass Plaintiff. On the contrary, the parties' October 2 Status Report shows delays were caused by circumstances outside of MetLife's control, and their December 19 Status Report shows the parties were waiting for additional information from Plaintiff's employer.

It was not until March 23, 2018 that Plaintiff notified the Court that he was experiencing problems communicating with MetLife's counsel. Mar. 23 Request. But Plaintiff's unauthenticated telephone records (Dkt. No. 55-2) do not support his request for sanctions, nor does the fact that Plaintiff's counsel exchanged numerous emails with MetLife's counsel and the Courtroom Deputy. The Court cannot find that unreturned phone calls and multiple emails, in and of themselves, show MetLife and/or its counsel sought to vexatiously multiply the proceedings. It is also unclear how Plaintiff's communications with the undersigned's Courtroom Deputy establish bad faith on the part of MetLife's counsel.

5

Even if Plaintiff had shown sanctions were warranted, he fails to demonstrate that his request is reasonable. Plaintiff's request for $48,000 in attorneys' fees seeks compensation for 120 billable hours at a rate of $400 per hour for his two attorneys. Mot. at 5.

Plaintiff's earlier request for sanctions was "unsupported by affidavit or declaration." Sanctions Order at 3. Plaintiff's Motion again does not attach declarations or affidavits from his counsel describing what these 120 hours entailed or showing why those hours are reasonable; counsel also fail to describe their experience or otherwise establish that $400 per hour is a reasonable billable rate. *See* Civ. L.R. 7-5(a) ("Factual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record."). It is only on Reply that Plaintiff offers the Declaration of Eric Whitehead. Whitehead Decl., Dkt. No. 59-2. There is no declaration from his other counsel, Ray Bourhis.

The Court finds the Whitehead Declaration does not support sanctions. First, Plaintiff offers no explanation as to why he was unable to provide this declaration with his Motion. By providing it with his Reply, he has deprived MetLife of a meaningful opportunity to respond to the assertions therein. Mr. Whitehead also does also not attest to his or Ray Bourhis' qualifications or experience so as to justify a $400 per hour billing rate.

Second, in his Motion, Plaintiff represented he "requests an award of $48,000 in attorneys' fees for Attorney Ray Bourhis and Attorney Eric Whitehead's time (120 billable hours at a rate of $400 per hour)." Mot. at 5; *see id.* at 3 ("Defense counsel's . . . tactics have caused Plaintiff's attorneys Eric Whitehead and Ray Bourhis to waste far in excess of 120 billable hours since mediation on June 29, 2017."). But the Whitehead Declaration indicates Plaintiff in fact seeks compensation for an additional three individuals not identified in the Motion: attorney Matthew Bourhis, firm Executive Director Suzanne McCafferty, and paralegal Heather Hendrickson. *See* Whitehead Decl. ¶ 24(1) ("Attorney Eric Whitehead, Attorney Ray Bourhis, and the firm's Executive Director Suzanne McCafferty spent 35 hours conferring with Plaintiff John Kresich"); *id.* ¶ 24(2) ("Attorney Eric Whitehead and Paralegal Heather Hendrickson spent more than 60 hours emailing, writing, and calling Attorney James Castle, Attorney Royal Oakes, and support staff at Hinshaw & Culbertson LLP concerning the status of the settlement release and the status

of the settlement payment."); *id.* ¶ 24(3) ("Attorney Eric Whitehead and Attorney Matthew Bourhis spent a total of 3 hours emailing and calling Mediator Arnie Levinson concerning Defendant's conduct. . . ."); *see also* Fed. R. Civ. P. 11. Plaintiff offers no explanation as to why the Court should award fees for hours expended by Matthew Bourhis, Suzanne McCafferty, or Heather Hendrickson when his Motion only seeks compensation for work performed by Mr. Whitehead and Ray Bourhis. Moreover, Plaintiff does not describe the qualifications and experience of Matthew Bourhis, Ms. McCafferty, or Ms. Hendrickson or provide their hourly rates. *See* Mot.; Reply; Whitehead Decl. For instance, there is no indication whether Ms. Hendrickson, a paralegal, seeks the same $400 hourly rate as attorneys Mr. Whitehead and Ray Bourhis. Even if the Court were inclined to award attorneys' fees for these three individuals' work, it lacks sufficient information to determine whether their rates are reasonable.

Finally, Mr. Whitehead does not provide billing records to support his claimed hours. This is problematic for two reasons. First, a review of the Whitehead Declaration and the record in this case shows possible inaccuracies. For instance, Mr. Whitehead declares he "spent 6 hours preparing for and attending Status Conferences with the Court on January 18, 2018 (Doc. 50), February 15, 2018 (Doc. 52), and April 5, 2018 (Doc. 56). The conference on January 18 took 64 minutes." Whitehead Decl. ¶ 24(5). As phrased, it is unclear whether the 64 minutes for the January 18, 2018 telephonic status conference includes preparation time; however, the Court's minutes for the January 18, 2018 telephonic status conference shows that the hearing lasted only four minutes. Jan. 18 Minutes ("Time: 11:00 am – 11:04 am"). Second, without billing records, the Court cannot determine how many hours Mr. Whitehead and Ray Bourhis spent on this matter – the attorneys identified in Plaintiff's Motion – versus the number of hours expended by Matthew Bourhis, Ms. McCafferty, and Ms. Hendrickson.

As such, Plaintiff fails to establish that his $48,000 fee request is reasonable. Based on the foregoing, the Court cannot find the record supports a $52,000 punitive award.

**B.      Inherent Powers**

The Court also declines to exercise its inherent powers to impose sanctions. The record does not show, and Plaintiff does not offer, evidence of willful disobedience of a Court order or

7

bad faith on the part of MetLife's counsel. On the contrary, as discussed above, many of the issues precluding finalizing the settlement were outside of counsel's control or were unanticipated by either party.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge